```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ACM PALMYRA CFL, LLC | **CIVIL NO. 10-1521 (JAF)** |
| Plaintiff, | |
| v. | |
| EDMA MELENDEZ GUABA | COLLECTION OF MONIES AND FORECLOSURE OF MORTGAGE |
| Defendant. | |

**MOTION REQUESTING EXECUTION OF JUDGMENT**

**TO THE HONORABLE COURT:**

**NOW COMES**, Plaintiff, ACM PALMYRA CFL, LLC ("Palmyra"), through its undersigned attorney, and respectfully states and prays:

1. On January 28, 2011, *former plaintiff Sopramco CV9 CFL, LLC* filed a "Stipulation", stating, in part, that:

> "(a)   Defendant recognizes that they owe Sopramco the principal amount of **$393,529.27**, interests of **$13,114.03,** and late charges in the amount of **$2,593.00,** and legal fees in the amount of **$2,500.00** as of October 19, 2010. Sopramco will allow Defendant to reinstate the loan obligation through the payment of the actual loan arrears, which, as of October 19, 2010, amount to **$17,969.17,** by way of eighteen **(18)** monthly payments of **$600.00**, beginning on November 1, 2010 and continuing until **April 1, 2012**, which sum includes a partial amount of **$2,500.00** for attorney's fees already incurred.  The then remaining balance of arrears will become due and owing on April 1, 2012.
>
>      (b) Starting November 1, 2010, Defendant shall resume their regular monthly contractual payments to

Plaintiff and will continue such regular payments in addition to the advances on the outstanding loan arrears mentioned in paragraph 3(a) above.

(c) Starting April 1, 2012, Defendant shall continue their monthly contractual payments pursuant to the Note and Mortgage to Plaintiff, provided all payments mentioned in paragraph 3(a) and 3(b) have been made and there has been no default.

(d) **<u>Should Defendants fail to comply strictly with the foregoing payment schedule, Plaintiff shall be entitled to request the execution of this stipulated judgment from this Honorable Court, proceeding to the public sale of the mortgaged property without any other legal process, including the collection of the contractually agreed-upon attorney's fees and legal costs amount of $42,115.00.</u>**

(e) This stipulation constitutes only an extension of time for Defendants to reinstate the loan with Plaintiff, and shall in no way constitute a novation or restructuring of the original loan". <u>See</u> Docket No. 8.

2. On February 10, 2011, this Honorable Court issued a "Judgment by Consent" resolving that:

"Judgment by consent is entered incorporating the terms and conditions of the Stipulation reached by the parties, the court retaining jurisdiction to enforce any of said terms if necessary". <u>See</u> Docket No. 10.

3. In light of the aforementioned, Palmyra respectfully informs to this Honorable Court that Defendant failed to make her monthly payments and arrear payments pursuant to the Stipulation and Consent Judgment. <u>See</u> **Exhibit 1,** Unsworn Declaration Under Penalty of Perjury.

4. Given Palmyra duly adjudicated right to obtain the aforementioned sums from Defendant, Palmyra respectfully

requests execution of Judgment by way of a judicial sale, pursuant to the Judgment, the Stipulation and the mortgage deed which serves as collateral for said sums. See **Exhibit 2**, Mortgage Deed; **Exhibit 3,** Mortgage Note and **Exhibit 4**, Sworn Property Title Report and **Dockets No. 11 and 12**.

5. Defendant defaulted on her repayment obligation to Palmyra under the Judgment by Consent; the Stipulation and de Mortgage deed and as of **April 25, 2012**, she owed Palmyra the principal amount of **$384,780.75**, interests in the amount of **$17,471.29** which continue to accrue by the fluctuating rate on a daily basis in the amount of **$66.80, $1,685.45** in late charges, and **$42,115.00** in contractually agreed-upon attorney's fees and legal costs, for a total amount of **$446,052.49** as of April 25, 2012. See **Exhibit 1.**

6. As can be appreciated from the Sworn Title Study attached hereto, Mortgage Deed No. 61, securing Palmyra mortgage note, was duly recorded in the Puerto Rico Property Registry, Third Section of Carolina, Volume 525 at page 63 of Río Grande, in the amount of $421,150.00, which property is owned by Defendant. See **Exhibit 4,** Sworn Property Title Report**.**

7. Palmyra respectfully submits the proposed text of the Order and Writ of Execution, as attached **Exhibits 5** and **6** hereto.

8. Furthermore, in order to preserve the U.S. Marshal's Office precious resources, Palmyra respectfully requests this Honorable Court to name and designate Mr. Hans López Stubbe as Special Master to conduct the aforementioned judicial sale.

**WHEREFORE,** Palmyra respectfully requests this Honorable Court to issue the Order and Writ of Execution so that the Special Master may proceed with the auction and judicial sale of the property object of the foreclosed mortgage in this case.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, will notify all appearing parties that are CM/ECF participants and that a paper copy of this motion was mailed to Defendant at **10001 Messina Point Way, Tampa, FL  33619; and at PO Box 81, Puerto Real, PR  00740.**

In San Juan, Puerto Rico, this 16th day of May, 2012.

**SERGIO A. RAMIREZ DE ARELLANO LAW OFFICES**
Attorneys for Plaintiff
Banco Popular Center, Suite 1022
209 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918-1009
Tel. 765-2988; 764-6392
FAX 765-2973

**s/ Sergio A. Ramirez de Arellano**
Sergio A. Ramirez de Arellano
USDC-PR NO.126804
sramirez@sarlaw.com